UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E<span>MILY</span> G<span>ARROD</span>,

    Plaintiff,

v.

C<span>OMMISSIONER OF</span> S<span>OCIAL</span>
S<span>ECURITY</span>,

    Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:25-cv-57

**REPORT AND RECOMMENDATION**

This matter is before the Court on the parties' Stipulation and Proposed Order for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 18). The Court recently remanded this matter for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $8,000.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the stipulation and proposed order be granted in part and denied in part.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, Plaintiff's counsel has submitted a time sheet showing that two attorneys spent a total of 56.2 hours working on this case at an hourly rate of $251.25. (ECF No. 18-1 at PageID.714). A paralegal spent 3 hours working on this case at an hourly rate of $120.00. (*Id.*) If added up, the time sheet shows a total fee amount of $14,480.25. However, Plaintiff's counsel seeks only $8,000.00 in fees.

Courts in this district have approved an hourly EAJA rate of $204.75. *See Belanger v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-9, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75). As at least one court in this District has noted, this amount is significantly higher than that paid to attorneys performing comparable work representing individuals in litigation against the federal government. *See Weaver v. Comm'r of Soc. Sec.*, 2021 WL 1269547 at *1 (W.D. Mich., Mar. 19, 2021).

Having reviewed the record, the undersigned finds that the number of hours expended in this case is unreasonable. Specifically, Plaintiff's counsel only filed an initial brief before the parties stipulated to a remand. (ECF No. 12). The 24-page brief contained two issues. (*Id.*) The issues were not unusually complex. The timesheet shows that Plaintiff's counsel spent 47.5 hours on the initial brief. In the undersigned's view, the number of hours expended on the initial brief is unreasonable and the hours should be reduced to 20 hours. Based on these new calculations,[1] the undersigned finds that $6,236.33 is a reasonable fee award.

---

[1] 28.7 hours x $204.75 + $360 paralegal fees = $6,236.33.

2

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that the stipulation and proposed order (ECF No. 18) be granted in part and denied in part. The undersigned further recommends that six thousand, two hundred thirty-six, and thirty-three cents ($6,236.33) is a reasonable attorney fee.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 28, 2025                                 /s/ Phillip J. Green
                                                                            PHILLIP J. GREEN
                                                                            United States Magistrate Judge