UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY GARROD,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:25-cv-00057

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Counsel's Motion for Attorney's Fees.  (ECF No. 21).  On May 5, 2025, pursuant to the parties' stipulation, the Court remanded this matter to the Commissioner for further administrative proceedings. (ECF Nos. 16 and 17).  Plaintiff was subsequently awarded disability benefits, and counsel now moves for $7,487.42 in fees pursuant to 42 U.S.C. § 406(b).  Defendant did not respond to the motion.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion for attorney fees be granted.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee

arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014).  Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits.  Instead, the Court has an independent obligation to assess the reasonable of a request for attorney fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases").  The burden of establishing that a fee request is reasonable rests with counsel. *Id.*

As part of her award of disability benefits, Plaintiff was awarded past-due benefits in the amount of $54,895.  (ECF No. 21-2, PageID.737).  Twenty-five percent of Plaintiff's past-due benefits equals $13,723.75.  (*Id.*).  Counsel was previously awarded fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $6,236.33.  (ECF Nos. 19 and 20).  Counsel now requests an additional $7,487.42 to be paid out of Plaintiff's back benefit award.  (ECF No. 21, PageID.723).  Counsel's request is consistent with his fee agreement with Plaintiff as well as Section 406(b). (ECF No. 21-3, PageID.741).

Counsel secured for his client a favorable outcome and there is neither evidence nor suggestion that counsel's work in securing benefits for Plaintiff was substandard or otherwise deficient.  The requested award does not equate to an unreasonable hourly rate or otherwise result in an unfair windfall to counsel.  The Court must also take into consideration the general risk associated with contingent fee cases.  *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (E.D. Mich.,

Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk).  Considering the relevant circumstances, the Court finds counsel's request to be reasonable.

Any award pursuant to Section 406(b) must account for any amounts previously paid to counsel pursuant to the EAJA.  *See Gisbrecht*, 535 U.S. at 795-96 (where counsel receives a fee award pursuant to both the EAJA and Section 406(b), he must "[r]efund to the claimant the amount of the smaller fee").  As stated above, the Court previously awarded $6,236.33 in EAJA fees, which counsel acknowledges. (ECF No. 21, PageID.724).  Rather than award counsel the entire amount to which he is entitled and order him to refund to Plaintiff the amount previously paid in EAJA fees, the Court will instead simply reduce the amount awarded to counsel under Section 406(b) by the amount previously awarded under the EAJA.  *See, e.g., Gonzales v. Saul*, 2020 WL 7050033 at *3 (E.D. Tenn., Nov. 6, 2020) (reducing the amount awarded under Section 406(b) by the amount awarded under the EAJA satisfies the refund requirement identified in *Gisbrecht*).

The Court will also briefly address the issue of the timeliness of counsel's motion.  Pursuant to Local Rule of Civil Procedure 54.2(b), motions for attorney's fees under Section 406(b) must be filed within 35 days after "the date shown on the face of the Notice of Award issued by the Social Security Administration."  W.D. MICH. LCIVR 54.2(b).  Counsel's motion is untimely if measured against this date; however, counsel asserts that he did not learn that Plaintiff was awarded benefits until May 11, 2026.  (ECF No. 21, PageID.724).  The Court has no reason to doubt the veracity

3

of counsel's assertions. The undersigned, therefore, concludes that counsel's motion, filed less than 35 days after he learned that Plaintiff was awarded benefits, is timely. *See, e.g., Eppinga v. Commissioner*, 2019 WL 1242706 at *1 (W.D. Mich., Jan. 4, 2019) (a motion for fees pursuant to Section 406(b) is timely if submitted "within a reasonable period of time . . . after receiving notice that the claimant has been awarded disability benefits").

## CONCLUSION

Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiff Counsel's Motion for Attorney's Fees (ECF No. 21) be granted. Specifically, the undersigned recommends that counsel be awarded $7,487.42 pursuant to Section 406(b).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 1, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

4